UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DANA BOWMAN, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:23-CV-0970-X |
| | § | |
| SWBC REAL ESTATE SERVICES, | § | |
| LLC et al., | § | |
| | § | |
| *Defendants.* | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is defendants SWBC Real Estate Services LLC, SWBC
Rockwall LP, SWBC RW2 LP, Luxia Rockwall Downes LLC (collectively, the "SWBC
Defendants"), and Jordan Foster Construction LLC's ("Jordan Foster") joint motion
to dismiss. (Doc. 48). Defendants move to dismiss plaintiff Dana Bowman's Second
Amended Complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil
Procedure. The Court finds that it lacks jurisdiction and therefore **GRANTS** the
Motion and **DISMISSES** the case without prejudice.

## I.   Background

Plaintiff Dana Bowman is a disabled special forces veteran who lost the lower
half of both legs during military service and now advocates for disabled veterans.
Bowman visited the SWBC Defendants' apartment complexes, the Lexia Rockwall
Downes Apartments and the Royalton at Discovery[1] (the Properties), as a "tester" in

_____

[1] Following its sale, The Royalton at Discovery is now Corban Discovery. Doc. 52.

1

the guise of a prospective tenant. Bowman toured the Properties and alleges that he "observed and encountered" numerous barriers to access in violation of the Fair Housing Act (FHA), 42 U.S.C. § 3604.[2] These barriers included curbs without ramps on sidewalks between buildings in the complex, toilets and sinks too close to walls, narrow doors, and features like thermostats and mailboxes placed too high on walls.

Bowman says he "was offered a unit for rent," but his new complaint is still silent on whether he had an interest in renting an apartment or visiting a tenant.[3] Bowman pleads that he "cannot independently use certain features of the Property,"[4] and claims the visit injured him by causing "frustration, physical difficulty, indignation and emotional distress, ar[ising] from encountering discriminatory barriers at the Property."[5] Bowman also alleged that he is "concerned whether apartments are accessible and usable for people with disabilities."[6]

Bowman initially sued under sections 3604(f)(1) and 3604(f)(2) of the FHA regarding barriers to access. The defendants moved to dismiss his First Amended Complaint, arguing that Bowman lacked standing and that he failed to state a claim upon which relief could be granted. The Court dismissed Bowman's section 3604(f)(1) and (f)(2) claims for lack of subject matter jurisdiction but gave Bowman leave to amend his complaint as to 3604(f)(2) to provide more detail about the injuries he

---

[2] Doc. 47 at 7.

[3] Doc. 47 at 7.

[4] Doc. 47 at 8.

[5] Doc. 47 at 8.

[6] Doc. 47 at 8.

suffered. The SWBC Defendants and Jordan Foster now move to dismiss Bowman's Second Amended Complaint, again arguing that he lacks standing and fails to state a claim upon which relief can be granted.

## II. Legal Standards

### A. Rule 12(b)(1)

When a party files a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction in conjunction with other Rule 12 motions, a court must resolve the jurisdictional challenge first.[7] This prevents a court that lacks jurisdiction from improperly dismissing a case on its merits.[8] "A court must dismiss a complaint if it lacks subject-matter jurisdiction."[9] And such dismissal is always without prejudice.[10]

The party asserting jurisdiction carries the burden to prove it.[11] At the pleading stage, the party may meet its burden by alleging a plausible set of facts that establish jurisdiction.[12] A court may look to: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."[13]

---

[7] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[8] *Id.*

[9] *Santos v. United States*, 565 F. Supp. 871, 872 (W.D. Tex. 2021).

[10] *Ramming*, 281 F.3d at 161.

[11] *See id.*

[12] *See id.*

[13] *Willoughby v. U.S. ex rel Dep't of Army*, 730 F.3d 476, 479 (5th Cir. 2013).

To bring a case before a federal court, a plaintiff must have standing—the "bedrock constitutional requirement" that restrains the judiciary and preserves separation of powers.[14]   The Supreme Court has outlined the requirements of standing under the Constitution:

> First, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical.  Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court.  Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.[15]

An injury in fact "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing."[16]   But statutes "cannot dispense with the injury requirement altogether."[17]   "Put differently, the deprivation of a right created by statute must be accompanied by 'some concrete interest that is affected by the deprivation.'"[18]   An injury must also be particularized, which the Supreme Court has defined to mean "it must affect the plaintiff in a personal and individual way."[19] Grievances on behalf of an abstract class are insufficient.

---

[14] *FDA v. All. for Hippocratic Med.*, 602 U.S. 367, 378 (2024); *see also TransUnion LLC v. Ramirez*, 594 U.S. 413, 429 (2021) ("A regime where Congress could freely authorize *unharmed* plaintiffs to sue defendants who violate federal law not only would violate Article III but also would infringe on the Executive Branch's Article II authority").

[15] *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) (cleaned up).

[16] *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373 (1982) (cleaned up).

[17] *Laufer v. Mann Hospitality, L.L.C.*, 996 F.3d 269, 272 (5th Cir. 2021).

[18] *Lee v. Verizon Commc'ns, Inc.*, 837 F.3d 523, 529 (5th Cir. 2016) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016)).

[19] *Spokeo*, 578 U.S. at 339.

### B.    Rule 12(b)(6)

Rule 12(b)(6) authorizes the Court to dismiss a claim that is not plausibly alleged.[20]  To survive a 12(b)(6) motion, a complaint must allege "enough facts to state a claim to relief that is plausible on its face."[21]  A claim is plausible when it "allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged,"[22] which requires "more than a sheer possibility that [the] defendant has acted unlawfully."[23]  "[A] formulaic recitation of the elements of a cause of action will not do."[24]  And the pleading must offer "more than an unadorned, the defendant-unlawfully-harmed-me accusation."[25]  The court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions."[26]

### III.    Analysis

### A.    Standing under the FHA

The FHA confers a private cause of action to an "aggrieved person."[27]  Although the statutory grant is broad, it cannot broaden the Constitution's requirements.  The plaintiff must suffer concrete harm due to the defendant's violation of law.

---

[20] Fed. R. Civ. P. 12(b)(6).

[21] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[22] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[23] *Id.*

[24] *Id.* (cleaned up).

[25] *Id.*

[26] *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (cleaned up).

[27] 42 U.S.C. § 3613(a).

In its order on the SWBC Defendants and Jordan Fosters' first motions to dismiss, the Court analyzed the requirements for injury under the FHA. An FHA "tester" can still suffer harm that they can address in an FHA claim.[28] But they must actually suffer harm to an interest protected under the statute.[29] Bowman's First Amended Complaint failed to express any concrete desire to actually rent an apartment from the SWBC Defendants or to visit tenants there, so the Court dismissed it and granted him twenty-eight days to replead.[30]

### B.    Application

Bowman's claims implicate three separate sections of the FHA: 3604(f)(1), 3604(f)(2), and 3604(f)(3).[31] Subsection 1 deals with discrimination in housing availability due to an individual's handicap; subsection 2 covers discrimination in the terms or conditions of housing due to an individual's handicap; and subsection 3 defines "discrimination" through requirements for reasonable accommodations and the necessary physical characteristics of multifamily dwellings. Under section 3604(f)(3), multifamily dwellings must have public and common use areas "readily accessible and usable by handicapped persons," doors wide enough for wheelchairs, wheelchair accessible entrances, light switches and thermostats at wheelchair accessible heights, bathrooms capable of adding grab bars to the walls, and

---

[28] *Havens Realty Corp.*, 455 U.S. at 374.

[29] *Laufer*, 996 F.3d at 271.

[30] *See* Doc. 46 at 2.

[31] Doc. 47 at 30.

wheelchair-friendly kitchens and bathrooms.[32]    The Court previously dismissed Bowman's claims arising under section 3604(f)(1) but permitted him to replead as to subsections 3604(f)(2) and (f)(3).

### i.    Section 3604(f)(2)

Under section 3604(f)(2), a plaintiff need not establish that they intended to rent a property; they suffer injury under the statute if they merely visit the property and encounter barriers to accessibility that violate the Act.[33]    But an FHA plaintiff must still allege an injury-in-fact resulting from the defendant's FHA violation in order to have standing.[34]

The Court previously dismissed Bowman's 3604(f)(2) claims for being vague about the location of the various FHA violations he identified.  If those violations were in places he had no lawful right to access as an alleged prospective tenant on a tour, he suffered no injury.  Bowman replead, including photos of the various violations he encountered.  All of the FHA violations Bowman lists in his complaint—including a curb without a ramp on an exterior sidewalk, inaccessible dimensions for a sink and toilet in the empty unit he toured, and a narrow pantry door—pertain to wheelchair accessibility.

---

[32] 42 U.S.C. § 3604(f)(3)(C).

[33] *E.g.*, *Bowman v. Wildwood of Lubbock, LLC*, No. 5:19-CV-164, 2020 WL 10458628, at *4 (N.D. Tex. Oct. 23, 2020) (Hendrix, J.); *Morgan v. Nash St., LTD.*, No. 4:17-CV-3477, 2018 WL 8223421, at *1 (S.D. Tex. Mar. 9, 2018).

[34] *See Havens Realty Corp.*, 455 U.S. at 376, n.16; *Wildwood of Lubbock, LLC*, 10458628, at *5 (finding that Bowman suffered an injury in fact when he alleged that he encountered at least one door his wheelchair could not fit through while on an apartment tour—"[t]hese facts in the record show that Bowman personally encountered discrimination").

However, Bowman still fails to plead an injury in fact because his new complaint says nothing of whether he used a wheelchair while visiting the properties.[35]  For that matter, the complaint does not plead that Bowman uses a wheelchair at all.   Nowhere does Bowman plead that *his* access to or use of facilities at the Properties was impeded in any way.  He merely recites statutory requirements, such as the minimum distance the toilet should be from the wall, or uses the term "inaccessible" in a general way.   Though these features may be inaccessible to someone, Bowman cannot sue on behalf of others' injuries in fact—those individuals can sue for themselves.  As then-Judge Scalia articulated decades ago, the central question for standing is, "What's it to *you*?"[36]

Accordingly, the Court **GRANTS** the SWBC Defendants and Jordan Foster's motion to dismiss Bowman's 3604(f)(2) claims without prejudice.  Because Bowman failed to plead his injury, despite the Court's direction to do so, the Court need not address the parties' 12(b)(6) arguments.

## IV. Conclusion

For the reasons stated above, the Court **GRANTS** the SWBC Defendants and Jordan Foster's 12(b)(1) motion to dismiss Bowman's 3604(f)(2) claims for lack of standing and dismisses the claims without prejudice.

---

[35] Though this may seem pedantic, one of the photos Bowman included in his Second Amended Complaint shows the reflection of the photographer in a glass shower, and the man is standing.  Doc. 47 at 17, 29.  Maybe someone else took photos for Bowman or maybe he visited the Properties using prosthetic legs, as the SWBC Defendants assert.  The Court will not assume, and Bowman has not plead facts enough to answer.

[36] Antonin Scalia, *The Doctrine of Standing as an Essential Element of the Separation of Powers*, 17 Suffolk U. L. Rev. 881, 882 (1983) (emphasis added).

**IT IS SO ORDERED** this 11th day of March, 2025.

_____

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE